| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number *(If known)*: 18-_____ Chapter 15 |

☐ Check if this is an amended filing

# Official Form 401
## Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).*

**1. Debtor's name**    Stripes US Holding, Inc.

**2. Debtor's unique identifier**

    **For non-individual debtors:**

    ☑ Federal Employer Identification Number (EIN)  3 8 – 4 0 1 2 8 0 0

    ☐ Other _____. Describe identifier _____.

    **For individual debtors:**

    ☐ Social Security number:  xxx – xx– ____ ____ ____ ____

    ☐ Individual Taxpayer Identification number (ITIN):  9 xx – xx – ____ ____ ____ ____

    ☐ Other _____. Describe identifier _____.

**3. Name of foreign representative(s)**    Richard Heis

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**    High Court of Justice of England and Wales (Part 26 of Companies Act 2006)

**5. Nature of the foreign proceeding**

    *Check one:*
    ☐ Foreign main proceeding
    ☑ Foreign nonmain proceeding
    ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

    ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

    ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

    ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
    _____
    _____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

    ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
    ☑ Yes

Debtor  Stripes US Holding, Inc.                              Case number (*if known*) 18-_____
        Name

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i) all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

9. **Addresses**

**Country where the debtor has the center of its main interests:**

United States

**Debtor's registered office:**

1209 Orange Street
Number      Street

_____
P.O. Box

Wilmington            DE      19801
City         State/Province/Region    ZIP/Postal Code

United States
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City   State/Province/Region   ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Festival House, 5th Floor, Jessop Avenue
Number      Street

Cheltenham
P.O. Box

Gloucestershire GL50 3SH
City   State/Province/Region   ZIP/Postal Code

United Kingdom
Country

10. **Debtor's website** (URL)    None

11. **Type of debtor**

Check one:

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

| | |
|---|---|
| Debtor  Stripes US Holding, Inc. | Case number (if known) 18-_____ |
|          Name | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ /s/ Richard Heis                         Richard Heis
Signature of foreign representative         Printed name

Executed on   10/24/2018
              MM / DD / YYYY

✗ _____          _____
Signature of foreign representative         Printed name

Executed on   _____
              MM / DD / YYYY

**14. Signature of attorney**

✗ /s/ Derek C. Abbott                     Date  10/24/2018
Signature of Attorney for foreign representative    MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market Street, 16th Floor
Number    Street

Wilmington                                 DE          19801
City                                       State       ZIP Code

(302) 658-9200                             dabbott@mnat.com
Contact phone                              Email address

3367                                       DE
Bar number                                 State

---

Official Form 401    Chapter 15 Petition for Recognition of a Foreign Proceeding    page 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| STRIPES US HOLDING, INC., | ) | Case No. 18-_____ (   ) |
| | ) | |
| Debtor in a Foreign Proceeding.[1] | ) | |
| | ) | |

**DISCLOSURE PURSUANT TO RULE 1007(a)(4) OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

Richard Heis, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Stripes US Holding, Inc. (the "Debtor"),[2] hereby files this disclosure pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully states as follows:

**I.     Administrators in Foreign Proceeding Concerning the Foreign Debtor**

Richard Heis is the duly authorized foreign representative of the Debtor in the English Proceeding. The Foreign Representative's address is Festival House, 5th Floor, Jessop Avenue, Cheltenham, Gloucestershire GL50 3SH, United Kingdom.

**II.    Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

The Foreign Representative is not seeking provisional relief at this time because he is not aware of any imminent threat to the Debtor's assets located within the territorial jurisdiction of the United States or to the English Proceeding by virtue of actions in the United States. If circumstances change or the Foreign Representative becomes aware of additional

---

[1] The last four digits of the Debtor's Federal Employer Identification Number are 2800. The location of the Debtor's registered office is 1209 Orange Street, Wilmington, Delaware 19801.
[2] The Debtor is the subject of proceedings (the "English Proceeding") currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "English Court") concerning a scheme of arrangement (the "Scheme") under part 26 of the Companies Act 2006 of England and Wales (as modified, amended or re-enacted from time to time, the "Companies Act").

facts, the Foreign Representative reserves all rights to seek provisional relief pursuant to section 1519 of the Bankruptcy Code to protect the Debtor and its assets.

### III.  All Parties to Litigation Pending in the United States in which the Debtor is a Party at the Time of Filing of the Petition

The Foreign Representative is not aware of any currently pending litigation in the United States to which the Debtor is a party.

Dated: Wilmington, Delaware
October 24, 2018

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile:  (302) 658-3989
dabbott@mnat.com
aremming@mnat.com
jbarsalona@mnat.com

- and -

LINKLATERS LLP
Robert H. Trust
Amy Edgy
Christopher J. Hunker
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Facsimile:  (212) 903-9100
robert.trust@linklaters.com
amy.edgy@linklaters.com
christopher.hunker@linklaters.com

*Counsel to the Foreign Representative*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| STRIPES US HOLDING, INC., | ) | Case No. 18-_____ ( ) |
| | ) | |
| Debtor in a Foreign Proceeding.[1] | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT OF STRIPES US HOLDING, INC.
PURSUANT TO BANKRUPTCY RULES 1007(a)(4) AND 7007.1**

Richard Heis, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Stripes US Holding, Inc. (the "Debtor"),[2] hereby files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

As of October 24, 2018, Steinhoff Europe AG, a company incorporated under the laws of Austria with registered number FN38031d, owns 100% of the common stock of the Debtor.

[*Remainder of page intentionally left blank*]

---

[1] The last four digits of the Debtor's Federal Employer Identification Number are 2800. The location of the Debtor's registered office is 1209 Orange Street, Wilmington, Delaware 19801.

[2] The Debtor is the subject of proceedings (the "English Proceeding") currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "English Court") concerning a scheme of arrangement (the "Scheme") under part 26 of the Companies Act 2006 of England and Wales (as modified, amended or re-enacted from time to time, the "Companies Act").

A37386643/4.0/24 Oct 2018

Dated: Wilmington, Delaware
     October 24, 2018

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile:  (302) 658-3989
dabbott@mnat.com
aremming@mnat.com
jbarsalona@mnat.com

- and -

LINKLATERS LLP
Robert H. Trust
Amy Edgy
Christopher J. Hunker
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Facsimile:  (212) 903-9100
robert.trust@linklaters.com
amy.edgy@linklaters.com
christopher.hunker@linklaters.com

*Counsel to the Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Chapter 15 |
| ) | |
| STRIPES US HOLDING, INC., ) | Case No. 18-_____ ( ) |
| ) | |
| Debtor in a Foreign Proceeding.[1] ) | |

**DECLARATION OF FOREIGN REPRESENTATIVE PURSUANT TO**
**SECTION 1515(c) OF THE BANKRUPTCY CODE**

I, Richard Heis, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1. I am the duly authorized foreign representative (the "Foreign Representative") of Stripes US Holding, Inc. (the "Debtor"). The Debtor is the subject of proceedings (the "English Proceeding") currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "English Court") concerning a scheme of arrangement (the "Scheme") under part 26 of the Companies Act 2006 of England and Wales (as modified, amended or re-enacted from time to time, the "Companies Act").

2. I respectfully submit this statement, as required by section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code"), in support of the verified petition filed herewith seeking recognition by this Court of the English Proceeding as a foreign nonmain proceeding.

3. Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the English Proceeding is the only known pending "foreign

---

[1] The last four digits of the Debtor's Federal Employer Identification Number are 2800. The location of the Debtor's registered office is 1209 Orange Street, Wilmington, Delaware 19801.

proceeding" with respect to the Debtor as that term is defined in section 101(23) of the Bankruptcy Code.

    I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 24, 2018

                                            /s/ *Richard Heis*
                                            Richard Heis
                                            *Foreign Representative*

IN THE HIGH COURT OF JUSTICE                    No. CR-2018-008908

<u>BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES</u>

<u>COMPANIES COURT (ChD)</u>                                      CR-2018-008908

**IN THE MATTER OF STRIPES US HOLDING, INC.**

**AND IN THE MATTER OF THE COMPANIES ACT 2006**

On the 24th day of October 2018

Before Mr Justice Zacaroli

---

**ORDER**

---

**UPON THE APPLICATION OF** Stripes US Holding, Inc. ("**SUSHI**") whose registered office is 1209 Orange Street, Wilmington, Delaware 19801, with its primary business address at 10201 South Main Street, Houston, Texas, 77025, United States, by a Part 8 Claim Form dated 19 October 2018 (the "**Claim Form**")

**AND UPON** SUSHI proposing a scheme of arrangement pursuant to Part 26 of the Companies Act 2006 (the "**Scheme**") as a compromise or arrangement between SUSHI and the Scheme Creditors (as defined in the Scheme)

**AND UPON READING** the Claim Form and the written evidence filed in these proceedings

**AND UPON READING** the scheme of arrangement (the "**Scheme Document**") and the explanatory statement in relation thereto given pursuant to section 897 of the Companies Act 2006 (the "**Explanatory Statement**")

**AND UPON HEARING** Mark Arnold QC and Adam Al-Attar for SUSHI

**AND UPON** the Court adopting in this order, save where terms are otherwise expressly defined, the abbreviations, words, definitions and phrases contained in the Explanatory Statement and the Scheme Document

1

**AND UPON** SUSHI having appointed Richard Heis to act as the foreign representative ("**Foreign Representative**") in respect of the Scheme in any case under chapter 15 of title 11 of the Bankruptcy Code to obtain recognition of the Scheme as a "foreign non-main proceeding"

**AND UPON** the Court being satisfied that Richard Heis has been validly appointed to act as SUSHI's Foreign Representative on any petition filed by SUSHI with the US Bankruptcy Court or other court of competent jurisdiction for an order recognising the Scheme as a "foreign non-main proceeding" under chapter 15 of the Bankruptcy Code and granting related relief.

**AND UPON** the Court being satisfied that he Foreign Representative has been authorised by SUSHI to take any and all actions to execute, deliver, certify, file, record and perform under any and all documents, agreements, instruments, certificates, petitions, motions, affidavits, or applications for approvals or rulings of governmental or regulatory authorities, and to take any and all steps deemed by the Foreign Representative to be necessary or desirable to carry out the purpose and intent of the Scheme including, without limitation, filing any petition or motion for recognition of the Scheme under chapter 15 of the Bankruptcy Code, the enforcement of any order of the English Court presiding over the Scheme (including this order and the sanction order), and any other related relief under chapter 15 of the Bankruptcy Code.

**IT IS ORDERED AND DIRECTED THAT:**

1. SUSHI shall convene a meeting of the Scheme Creditors (the "**Scheme Meeting**"), to be held on 7 November 2018 (or such other date as the directors of SUSHI may decide and notify the Scheme Creditors) at the offices of Linklaters LLP, One Silk Street, London EC2Y 8HQ (or if such venue is not available, such other suitable venue in central London, as the directors of SUSHI may select and notify the Scheme Creditors) for the purpose of considering and, if thought fit, approving (with or without modifications) the Scheme.

2. The Scheme Meeting convened pursuant to paragraph 1 of this order shall be held at 10.00am (London time).

3. Within 2 days of the date of this order, copies of the document incorporating the Scheme Document and the Explanatory Statement (which appends the form of the New SEAG Facility), together with the notice convening the Scheme Meeting (the

"**Notice**"), and the form of proxy (the "**Form of Proxy**" and, together with the Scheme Document, the Explanatory Statement and the Notice, the "**Documents**") shall, by the Information Agent, be uploaded to www.lucid-is.com/sushi and be sent, by email, to:

(a) the Agent in its capacity as agent under the Existing Facilities Agreement so that the Agent may: i) upload the Documents onto the designated data room on Debtdomain (the "**Debtdomain Website**"): and ii) ensure that:

(1) the Documents are available for the Scheme Creditors from the moment they are uploaded onto the Debtdomain Website; and

(2) each of the Scheme Creditors is sent an email notifying them that the Documents have been uploaded onto the Debtdomain Website.

4. Copies of the Documents shall also be made available to any of the Scheme Creditors upon request to SUSHI through contacting Paul Kamminga of Lucid Issuer Services Limited (address: Tankerton Works, 12 Argyle Walk, London WC1H 8HA; telephone: 020 7704 0880; email: steinhoff@lucid-is.com) and when so requested shall be provided free of charge.

5. The Documents shall be in the form, or substantially in the form, of the drafts submitted to, and initialled by, the Court (subject to completion of blanks and minor modifications as advised by solicitors and Counsel to SUSHI).

6. In order to vote on the Scheme, Scheme Creditors will be requested to lodge their completed and signed Form of Proxy with the Chair (as defined below) of the Scheme Meeting or, alternatively, return their completed signed Form of Proxy:

(a) by post to Lucid Issuer Services Limited, Tankerton Works, 12 Argyle Walk, London WC1H 8HA, marked for the attention of Paul Kamminga;

(b) by e-mail to steinhoff@lucid-is.com; or

(c) online via the Scheme website at www.lucid-is.com/sushi

as soon as possible and in any event to be received no later than 5.00pm (London time) on 5 November 2018.

7. Unless the Court orders otherwise, the accidental omission to serve any Scheme Creditor with notice of the Scheme Meeting or the non-receipt of notice of the Scheme Meeting by any Scheme Creditor shall not invalidate the proceedings at the Scheme Meeting.

8. Richard Heis, Chief Restructuring Officer for the Group, or, if for any reason he is unable so to act, Richard Hodgson of Linklaters LLP, shall be appointed to act as chair of the Scheme Meeting (the "**Chair**") and shall report the results of the Scheme Meeting to the Court.

9. The Chair shall be at liberty to adjourn the Scheme Meeting provided that, if adjourned, the Scheme Meeting recommence as soon as reasonably practicable thereafter.

10. The Chair shall be at liberty to accept the Forms of Proxy sent by post, email, provided that they are legible to him.

11. The Chair shall be entitled to rely on the signatures on the Form of Proxy, including one sent by e-mail, as a warranty that the signatory has been duly authorised by the relevant Scheme Creditor to sign the Form of Proxy on behalf of the Scheme Creditor.

12. The Chair may, for voting purposes only, reject the value attributed to a Scheme Creditor's claim if he considers that it does not constitute a fair and reasonable assessment of the relevant sums owed to the relevant Scheme Creditor under the Existing Facilities Agreement, or if the relevant Scheme Creditor has not complied with the applicable Form of Proxy.

13. The Chair shall have the discretion to accept the value of the claim in respect of which a Scheme Creditor seeks to vote, in whole or in part, notwithstanding failure by such Scheme Creditor to comply with the requirements contained in its Form of Proxy, if sufficient information has been provided in its Form of Proxy, or by some other means to enable the Chair to accept the fairness of the value of the claim in respect of which such Scheme Creditor should be permitted to vote.

14. If the value of a claim is unascertainable or disputed (in part) but the Chair is able to place a minimum value on that claim, the Chair will admit the claim for voting purposes at that minimum value.

15. If a claim is disputed in its entirety, or the Chair is otherwise unable to place a minimum value on it, that claim shall be valued at U.S.$1.

16. The Chair shall be at liberty to permit the attendance of persons who are not otherwise entitled to attend and vote at the Scheme Meeting unless an objection is taken by (or by a person appointed to vote by proxy for) a Scheme Creditor entitled to attend and vote at the Scheme Meeting, provided that such a person shall not be entitled to speak at the Scheme Meeting without the permission of the Chair.

17. The Chair shall file for the Court a report on the Scheme Meeting and the voting at the Scheme Meeting prior to the hearing of any application for sanction of the Scheme.

18. The Chair and SUSHI shall have permission to apply for such further directions in this matter as he may consider necessary or appropriate.

19. The Claim Form shall be adjourned generally with permission to SUSHI to restore it.

20. If the Scheme is approved at the Scheme Meeting by the required statutory majority of the Scheme Creditors, the Claim Form shall be restored and a further Court hearing at which SUSHI shall seek the sanction of the Court for the Scheme shall be listed.

21. There be permission to apply.

**AND IT IS FURTHER ORDERED THAT:**

22. Pursuant to rule 5.4C(4) of the Civil Procedure Rules 1998 (as amended) the following documents on the court file shall be sealed against inspection save with permission of the court (with any application for such to be made on 3 clear business days' written notice to SUSHI's solicitors):

i) the Existing Facilities Agreement made between SUSHI and others dated 5 August 2016;

ii) the amendment agreement between SEAG and J.P. Morgan Europe Limited in relation to the Existing Facilities Agreement dated 10 August 2016;

iii) the Letter of Undertaking from SEAG and SIHNV to the Lenders (as defined in that letter) dated 6 May 2018 and Lucid Agency Services Limited as the Agent, which among other things, amended the terms of the Existing Facilities Agreement; and

iv) pages 1-8 of the group structure chart exhibited at Tab 2 of exhibit PD1 to the first witness statement of Philip Dieperink dated 19 October 2018,

such documents to be placed on the Court file, for ease of identification, in an envelope marked "Confidential – sealed against inspection save with permission of the Court".

The Court sent this order and sealed copies for service to:

Linklaters LLP, One Silk Street, London EC2Y 8HQ.

(Ref: Richard Hodgson/Francesca Amey)