# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| STRIPES US HOLDING, INC., | ) Case No. 18-12388 (CSS) |
| | ) |
| Debtor in a Foreign Proceeding.[1] | ) Re: D.I. 3 |
| | ) |

## ORDER RECOGNIZING
## FOREIGN PROCEEDING AND GRANTING RELATED RELIEF

Upon the *Verified Petition of the Foreign Representative Seeking the Entry of an Order Granting Recognition of a Foreign Nonmain Proceeding and Related Relief* [Dkt. No. 2] (together with the Form of Voluntary Petition [Dkt. No. 1], the "Petition")[2] of Richard Heis, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Stripes US Holding, Inc. (the "Debtor"), which is the subject of proceedings (the "English Proceeding") currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "High Court") concerning a scheme of arrangement (the "Scheme") under part 26 of the Companies Act 2006 of England and Wales, in support of entry of an order:

    a.    finding that (i) the Debtor is eligible to be a "debtor" under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), (ii) the English Proceeding is a "foreign nonmain proceeding" within the meaning of section 1502 of the Bankruptcy Code, (iii) the Foreign Representative satisfies the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code, and (iv) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code;

    b.    granting recognition of the English Proceeding as a "foreign nonmain proceeding" under section 1517 of the Bankruptcy Code;

    c.    recognizing, granting comity to, and giving full force and effect within the territorial jurisdiction of the United States to the English Proceeding, the Scheme and the order of the High Court sanctioning the Scheme (the "Sanction Order"), including giving effect to the releases set forth in the Scheme (the "Releases");

    d.    permanently enjoining all parties from commencing or continuing any action or proceeding in the United States against the Debtor or its assets located within the territorial jurisdiction of the United States that is inconsistent with the Scheme (the "Injunction");

    e.    waiving the 14-day stay of effectiveness of the order; and

    f.    granting related relief;

and upon the record of this case and the opportunity for a hearing (the "Hearing") on the Petition and this Court's review and consideration of the Petition, the Heis Declaration and the Hodgson Declaration; and the Court having found and determined that the relief sought in the Petition is consistent with the purposes of chapter 15 of the Bankruptcy Code and is in the best interests of the Debtor and its creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

B.    The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

C.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) because the Debtor is incorporated in the state of Delaware.

D.    Good, sufficient, appropriate, and timely notice of the filing of the Petition and

the Hearing has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q) and the *Order Scheduling a Hearing on Chapter 15 Petition for Recognition and Related Relief and Specifying the Form and Manner of Service of Notice* [Dkt. No. 11] to (i) the United States Trustee for the District of Delaware, (ii) the Scheme Creditors (as defined in the Petition), (iii) the Debtor and (iv) all parties that have filed a notice of appearance in this chapter 15 case. In light of the nature of the relief requested and prior orders of this Court, no other or further notice is required.

E. No objections or responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F. The Debtor is incorporated in, and has assets located within, this District, and therefore, the Debtor is "eligible" to be a debtor in this chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

G. The English Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

H. The Debtor has an "establishment" (as defined in section 1502(2) of the Bankruptcy Code) in England. As such, the English Proceeding is a "foreign nonmain proceeding" pursuant to section 1502(5) of the Bankruptcy Code and is entitled to recognition as a foreign nonmain proceeding pursuant to section 1517(b)(2) of the Bankruptcy Code.

I. The Foreign Representative is a "person" as such term is defined in section 101(41) of the Bankruptcy Code and has been duly appointed and designated as the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

J. This chapter 15 case was properly commenced pursuant to sections 1504 and

1509 of the Bankruptcy Code, and the Petition satisfies the requirements of section 1515 of the Bankruptcy Code.

K.     The Foreign Representative and the Debtor, as applicable, are entitled to the additional assistance and discretionary relief requested in the Petition (including recognition and enforcement of the Scheme and the Sanction Order and the Releases contained therein) under sections 1507 and 1521 of the Bankruptcy Code.

L.     The relief granted herein is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 1504, 1507, 1509, 1515, 1517 and 1521 of the Bankruptcy Code and will not cause hardship to any party in interest. To the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, the Debtor, its creditors and other parties in interest.

M.     The relief granted herein is necessary to effectuate the purposes and objectives of chapter 15 of the Bankruptcy Code and to protect the Debtor and the interests of its creditors and all parties in interest.

N.     Absent the relief granted herein, the Scheme, the English Proceeding and the Debtor's efforts to consummate the restructuring embodied in the Scheme may be thwarted by the actions of certain creditors, which would be at odds with the purpose of chapter 15 of the Bankruptcy Code as set forth, *inter alia*, in section 1501(a) of the Bankruptcy Code. Such results could threaten, frustrate, delay, and ultimately jeopardize the implementation of the restructuring embodied in the Scheme. Absent the Injunction, the Debtor and its assets located in the territorial jurisdiction of the United States may be subject to the prosecution of judicial,

quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with claims under the English Proceeding against the Debtor and its assets located in the territorial jurisdiction of the United States, thereby interfering with and causing irreparable harm to the Debtor, its creditors and other parties in interest.

O. The Injunction contained herein (i) is within the Court's jurisdiction to grant, (ii) is essential to the success and objectives of the Scheme and the English Proceeding and (iii) confers material benefits on, and is in the best interests of, the Debtor, its creditors and all other parties in interest.

P. In accordance with section 1507(b) of the Bankruptcy Code, the relief requested herein will reasonably assure: (i) the just treatment of all holders of claims against or interests in the Debtor's property; (ii) the protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in the English Proceeding; (iii) the prevention of preferential or fraudulent dispositions of property of the Debtor; and (iv) the distribution of proceeds of the Debtor's property substantially in accordance with the order prescribed in the Bankruptcy Code.

Q. All creditors and other parties in interest, including the Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1. The Petition and the relief requested therein are granted, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2. The English Proceeding is recognized as a "foreign nonmain proceeding" under sections 1517(a) and 1517(b)(2) of the Bankruptcy Code.

3. The Foreign Representative is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the English Proceeding.

4. The Scheme and the Sanction Order (including the Releases) granted in the English Proceeding are hereby recognized, granted comity and given full force and effect in the United States and are binding and fully enforceable in accordance with their terms pursuant to sections 105(a), 1507, 1521 and 1525 of the Bankruptcy Code on all entities (as that term is defined in section 101(15) of the Bankruptcy Code) whose claims or interests are affected by the Scheme and each of their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any persons claiming through or in the right of any such persons or entities (collectively, other than the Debtor and its expressly authorized representatives and agents, the "Affected Entities"), whether or not the Affected Entity consented to be bound by or participated in the Scheme.

5. All Affected Entities are hereby permanently enjoined from asserting any debt, claim or interest affected by the Sanction Order and the Scheme, except as expressly permitted by the Scheme, including without limitation:

    a. executing against any of the Debtor's assets;

    b. commencing or continuing, including issuing or employing process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without

limitation, any and all unpaid judgments, settlements or otherwise against the Debtor, its property, or any direct or indirect transferee of or successor to any property of the Debtor, or any property of such transferee or successor, or the seeking of any discovery related to any of the foregoing, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor in the English Proceeding, English law or the implementation or consummation of the Sanction Order or the Scheme (including the Releases);

c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtor or any of its property or proceeds thereof, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor in the English Proceeding, English law or the implementation or consummation of the Sanction Order or the Scheme (including the Releases);

d. transferring, relinquishing or disposing of any property of the Debtor to any entity other than the Foreign Representative and his authorized representatives and agents or taking or continuing any act to obtain possession of, commingle, or exercise control over, such property, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor in the English

        Proceeding, English law or the implementation or consummation of the Sanction Order or the Scheme (including the Releases);

e. commencing or continuing in any manner, directly or indirectly, an individual action or proceeding concerning the Debtor's assets, rights, obligations or liabilities, or to resolve any dispute arising out of any provision of the Scheme, including the Releases, or English law relating to the Scheme; and

f. declaring or considering the filing of the English Proceeding, the Scheme, the Sanction Order or this chapter 15 case a default or event of default under any agreement, contract or arrangement;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States.

6. Any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the liability of the Debtor or any other person released under the Scheme pursuant to the Releases, with respect to any debt cancelled, discharged or restructured under the Scheme, or as a result of English law relating to the Scheme, is unenforceable in the United States, in each case, to the extent inconsistent with the Scheme, the Sanction Order or such law.

7. The Foreign Representative and the Debtor are authorized and empowered to, and may in their discretion and without further delay, (i) execute and deliver documents to effectuate the Scheme (including the Releases) and take any action and perform any act necessary to implement and effectuate the terms of this Order, the Sanction Order and the Scheme and (ii) exercise all consent and approval rights provided for in the Scheme in the manner set forth in the

Scheme.

8. No action taken by the Foreign Representative, the Debtor or their respective agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the English Proceeding, the documents contemplated thereunder, this Order, the chapter 15 case, any further order for additional relief in the chapter 15 case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded such persons under sections 306 or 1510 of the Bankruptcy Code.

9. No party shall incur any liability for following the terms of this Order (whether by acting or refraining from acting), except in the case of the party's own gross negligence or willful misconduct.

10. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding.

11. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

12. Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 1018, 3020(e), 6004(h), 7062 and 9014, (a) this Order shall be effective immediately and enforceable upon its entry, (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

13. This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment or modification of this Order.

Dated: November 13, 2018
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] The last four digits of the Debtor's Federal Employer Identification Number are 2800. The location of the Debtor's registered office is 1209 Orange Street, Wilmington, Delaware 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[3] The findings and conclusions set forth herein and on the record of the Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.