IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Axios Logistics Solutions Inc., et al.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 17-10438 (BLS)<br><br>Jointly Administered<br><br>**Related Doc. Nos. 6 & 13** |

**FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING
AND CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of A. Farber & Partners Inc. (the "Receiver"), the court-appointed receiver and duly authorized Receiver for Axios Logistics Solutions Inc., Axios Mobile Assets Inc., Axios Mobile Assets, Inc., and Axios Mobile Assets Corp. (collectively, the "Debtors") in Canadian insolvency proceedings in Toronto, Ontario, Canada (the "Canadian Proceeding"),[3] for entry of provisional and final orders (this "Order") pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"): (i) enforcing in the United States, on an interim basis, the order appointing the Receiver issued by the Canadian Court (the "Receiver Order"), by applying sections 362 and 365(e) of the Bankruptcy Code in the chapter 15 case on an interim basis pursuant to sections 105(a), 1519(a)(3), and 1521(a)(7) of the Bankruptcy Code, and granting such other and further relief as this Court deems just and proper; and (b) a final order after notice and a hearing (i) granting the petition in this case and recognizing the Canadian Proceeding as a foreign main

---

[1] The last four digits of the Employer Identification Number for each debtor follow in parentheses: Axios Logistics Solutions Inc. (0963); Axios Mobile Assets Corp. (n/a); Axios Mobile Assets Inc. (n/a), and Axios Mobile Assets, Inc. (2778). The Debtors' headquarters are located at 30 Topflight Drive, Unit 7, Mississauga, Ontario, L5S 0A8, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] The Canadian Proceeding includes proceedings under both Canadian federal and provincial law. A. Farber & Partners Inc. was appointed as receiver pursuant to Section 243(1) of the Bankruptcy and Insolvency Act (Canada) (the "BIA") and as receiver pursuant to Section 101 of the Ontario's Courts of Justice Act (the "CJA") with respect to Axios Mobile Assets Inc. and as receiver pursuant to Section 101 of the CJA with respect to the remaining above-captioned Debtors.

1

proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Receiver Order and extending the protections of this Order to Debtors on a final basis, (iii) applying section 365 of the Bankruptcy Code in these Chapter 15 cases on a final basis pursuant to section 1521 of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with sections 157 and 1334 of title 28 of the United States Code, sections 109 and 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to section 157(b) of title 28 of the United States Code; and due and proper notice of the relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Crawley Declaration in support of the Motion, and the verified Chapter 15 petitions, filed contemporaneously with the Motion, the record of the Hearing on March 1, 2017, and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

      A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to

this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

D. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

E. The Canadian Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

F. The Receiver is the duly appointed "foreign representative" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

G. These Chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

H. The Receiver has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

I. The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J. Canada is the center of main interests of each of the Debtors, and accordingly, the Canadian Proceeding is a "foreign main proceeding" as defined in section

1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.  The Receiver is entitled to all the relief available pursuant to section 1520 of the Bankruptcy Code including, without limitation, application of the automatic stay pursuant to section 362 of the Bankruptcy Code.

L.  The Receiver is further entitled to application of section 365 pursuant to section 1521 of the Bankruptcy Code.

M.  The Receiver has demonstrated that application of section 365 of the Bankruptcy Code, as made applicable by sections 1521(a)(7) and 105(a) of the Bankruptcy Code, is necessary to provide the Debtors with the ability to assume or reject a contract or compel a contract counterparty to perform under a contract and that, absent protections pursuant to section 365, there is a material risk that one or more of their contract counterparties may terminate agreements or discontinue performance on the incorrect assumption that such non-Debtor counterparty is not bound by any decision made in the Canadian Proceeding and any such termination or discontinuance of performance could impose severe economic consequences on the Debtors and will interfere with efforts to realize maximum value from the Debtors' assets.

N.  The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to section 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The verified chapter 15 petition and the Motion are granted as set forth herein.

2.  The Canadian Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3. The Receiver Order is hereby enforced on a final basis and given full force and effect in the United States.

4. All relief afforded to foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Canadian Proceeding, the Debtors, and the Receiver as applicable.

5. Sections 362 and 365 of the Bankruptcy Code shall hereby apply with respect to the Debtors and the property of Debtors that is within the territorial jurisdiction of the United States.

6. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Receiver and its authorized representatives and/or agents are hereby enjoined from:

    a) execution against any of the Debtors' assets;

    b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

    c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of its property;

    d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Receiver;

    e) commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

    f) terminating contracts or otherwise accelerating obligations or exercising remedies thereunder provided.

7. Absent further order of the Court, other than the Receiver and its authorized representatives and agents, including, but not limited to, any non-Debtor customer

(irrespective of whether such entities have a contractual relationship with the Debtors), who possess or otherwise have control over any assets of the Debtor, including but not limited to the pallets, are expressly prohibited from exercising any self-help remedies, destroying, or otherwise transferring or disposing of such assets.

8. Subject to sections 1520 and 1521 of the Bankruptcy Code, the Canadian Proceeding, and the Receiver Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the U.S. to the same extent as in Canada, and each is binding on all creditors of the Debtors and any of their successors and assigns.

9. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtors or the Receiver by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and the Provisional Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

10. Notwithstanding any applicable Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Receiver is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Receiver, the Debtors, and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

13. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief, any adversary proceeding brought in and through these Chapter 15 bankruptcy cases, and any request by an

entity for relief from the provisions of this Order that is properly commenced and within the jurisdiction of this Court.

Dated: Wilmington, Delaware
       March 28, 2017

                                                      Honorable Brendan L. Shannon
                                                      Chief United States Bankruptcy Judge