IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 15** |
| | ) | |
| **ALNO AG,**[1] | ) | **Case No. 18-12651 (KJC)** |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**FINAL ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING AND CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of Tobias Wahl, in his capacity as the court-appointed special insolvency administrator and duly authorized foreign representative ("Foreign Representative") for Alno AG ("Debtor"), for entry of a final order under sections 105(a), 1517, 1520 and 1521 of the Bankruptcy Code: (i) granting the petition in this Chapter 15 case and recognizing the German Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Commencement Order and the Appointment Order entered by the German Court, including any and all extensions, amendments and/or supplements thereto authorized by the German Court and extending the protections of this Order to the Debtor, and (iii) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the

---

[1] The Debtor does not have an Employer Identification Number. The Debtor's Commercial Register Ulm Number is HRB 727041. The Debtor's headquarters are located at 47 Heiligenberger Strasse, 88630 Pfullendorf Baden-Wuerttemberg, Germany.

[2] Capitalized terms not defined herein are defined in the Motion.

relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and the Foreign Representative having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court under 28 U.S.C. § 1410(3); and due and proper notice of the relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing and all such parties having had the opportunity to be heard with respect to the relief requested in the Motion; and upon the Wahl Declaration, and the Verified Petition, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtor, its creditors, and parties-in-interest, and is in the interest of international comity and not inconsistent with United States public policy, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **THIS COURT HEREBY FINDS AND DETERMINES THAT**:

  A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") made applicable to this proceeding under Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. Venue for this proceeding is proper before this Court under 28 U.S.C. § 1410(3).

E. The German Proceeding is a "foreign proceeding" under section 101(23) of the Bankruptcy Code.

F. The Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

G. This Chapter 15 case was properly commenced under sections 1504, 1509, and 1515 of the Bankruptcy Code.

H. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

I. The German Proceeding is entitled to recognition by this Court under section 1517 of the Bankruptcy Code.

J. Germany is the center of main interests of the Debtor, and accordingly, the German Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.

K. ~~The Foreign Representative has demonstrated that application of Bankruptcy Rule 2004, as made applicable by sections 105(a) and 1521(a)(4) of the Bankruptcy Code, is necessary to prevent harm in the German Proceeding.~~

L.      The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under sections 1517, 1520, and ~~1521~~ of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The relief requested by the Verified Petition and the Motion is GRANTED as set forth herein.

2.      The German Proceeding is granted recognition as a foreign main proceeding under section 1517 of the Bankruptcy Code.

3.      The Commencement Order and the Appointment Order entered by the German Court, including any extensions, amendments, or modifications thereto, are hereby enforced on a final basis and given full force and effect in the United States (except as otherwise expressly provided herein).

4.      All relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the German Proceeding, the Debtor, and the Foreign Representative as applicable.

5.      Bankruptcy Rule 2004 shall hereby apply [or production of documents] in this case with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States. Any requests for the Court to authorize examinations under section 1521(a)(4) of the Bankruptcy Code, Bankruptcy Rule 2004, and other applicable law will be the subject of one or more motions by the Foreign Representative, as to which all rights and objections, except as expressly provided in this Order, are reserved.

6.      Section 362 of the Bankruptcy Code shall hereby apply with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United

States. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative, the Debtor, and their expressly authorized representatives and agents are hereby enjoined from:

a. execution against any of the Debtor's assets;

b. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtor in the United States;

c. taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of its property;

d. transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

e. commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities; and

f. terminating contracts or otherwise accelerating obligations or exercising remedies thereunder *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the U.S.

7. Subject to sections 1520 and 1521 of the Bankruptcy Code, the German Proceeding, the Commencement Order, and the Appointment Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in Germany, and each is binding on all creditors of the Debtor and any of their successors and assigns.

8. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Foreign Representative, the Debtor and their respective authorized agents are authorized and empowered to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion.

11. The Foreign Representative, the Debtor and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

12. A copy of this Order, confirmed to be true and correct, shall be served, within three (3) business days of entry of this Order, by facsimile, electronic mail, or domestic or international first class mail, upon all persons or bodies authorized to administer foreign proceedings of the Debtor, all parties to litigation pending in the United States in which any of the Debtor was a party at the time of the filing of the Verified Petition, the Office of the U.S. Trustee for the District of Delaware, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for present purpose.

13. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Dec 20, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE